UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LINDA A. DINELLA,<br><br>    Plaintiff,<br><br>v.<br><br>FRIEDMUTTER GROUP,<br><br>    Defendant. | 2:05-cv-0938-LDG-LRL<br><br>**<u>ORDER</u>** |

   Defendant Friedmutter Group ("Friedmutter") has filed a motion for summary judgment (#22, opposition #23, supplemental opposition #25, reply #28). Plaintiff Dinella's complaint asserts causes of action for violations of NRS 608.018 (Nevada's overtime law); the Fair Labor Standards Act; the Family and Medical Leave Act ("FMLA"); and for negligent hiring, training, and supervision, and intentional and negligent infliction of emotional distress.

   Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56( c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Whether a fact is material is determined by looking to the governing substantive law; if the fact may affect the outcome, it is material. Id. at 248. If the moving party seeks summary adjudication with respect to a claim or defense upon which it bears the burden of proof at trial, its burden must be satisfied by affirmative, admissible evidence. By contrast, when the non-moving party bears the

burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence supporting the claim or defense. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

If the moving party meets its initial burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In assessing whether the non-moving party has raised a genuine issue, its evidence is to be believed, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255 (citing Adickes v. S. H. Kress and Co., 398 U.S. 144 (1970)). Nonetheless, "the mere existence of a scintilla of evidence" is insufficient to create a genuine issue of material fact. Anderson, 477 U.S. at 252; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 474 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.").

Summary judgment is not treated as "a disfavored procedural shortcut," but as "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1). While the court may not weigh evidence or judge witness credibility, the court must assess whether the jury, drawing all inferences in favor of the nonmoving party, could reasonably render a verdict in favor of the nonmoving party in light of the substantive law. Anderson, 477 U.S. at 249-52. The determination requires application of the standard that courts apply in motions for judgments as a matter of law. Id. at 251.

Friedmutter argues that Dinella cannot proceed with her FMLA claim because she cannot demonstrate compensable damages under the Act due to her voluntary resignation. Dinella's FMLA claim is based on 29 U.S.C. § 2615(a), which makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by the Act. The

1  Ninth Circuit has held that adverse employment actions taken against employees for exercising
2  rights under the FMLA should not be construed as retaliation or discrimination, but rather as
3  interference with rights guaranteed by the statute. <u>Bachelder v. America West Airlines</u>, 259 F.3d
4  1112, 1124 (9th Cir. 2001). To be entitled to relief, Dinella need only establish by a preponderance
5  of the evidence that (1) she took FMLA-protected leave, (2) she suffered an adverse employment
6  action, and (3) the adverse employment action was causally related to her FMLA leave.
7  <u>Conoshenti v. Public Service Elec. & Gas Co.</u>, 364 F.3d 135, 146-47 (3d Cir. 2004) (applying
8  <u>Bachelder</u> approach).

9    The court agrees that Dinella has not raised an issue of fact regarding whether she was
10 constructively terminated from her position. However, termination is not the only adverse
11 employment action that would interfere with the exercise of rights provided by the FMLA. The
12 court must consider Dinella's claims that she was repeatedly disciplined her for absences covered
13 by the FMLA, and was not provided with information about FMLA leave. Construing the facts in
14 Dinella's favor, the court finds that she has failed to raise an issue of fact regarding whether the
15 disciplinary actions amounted to interference with the exercise of her FMLA rights. While
16 undeserved negative performance reviews may qualify as adverse employment actions, <u>see</u> <u>Brooks</u>
17 <u>v. City of San Mateo</u>, 229 F.3d 917, 928 (9th Cir. 2000) (Title VII), Dinella has not shown how the
18 disciplinary actions had any adverse impact on her employment, such as demotion, lower
19 compensation or change of responsibilities. <u>See</u> <u>Kortan v. State of California</u>, 5 F. Supp.2d 843,
20 853 (C.D. Cal. 1998) (employment acts did not place plaintiff in worse position), <u>aff'd</u>, 217 F.3d
21 1104 (9th Cir. 2000).

22   Likewise, as the <u>Conoshenti</u> court, cited by Dinella, explains, a plaintiff must establish that
23 a failure to advise rendered him unable to exercise his right, thereby causing injury. 364 F.3d at
24 143 (discussing <u>Ragsdale v. Wolverine World Wide, Inc</u>., 535 U.S. 81 (2002)). In this case,
25
26

Dinella has not demonstrated how the alleged denial of her right to fill out the FMLA paperwork caused her any additional injury than the above-discussed disciplinary action.

The court concludes, however, that considering the evidence in the light most favorable to Dinella, she marginally raises a triable issue of fact as to her overtime claim. Before Friedmutter may avail itself of a fluctuating workweek method of calculating overtime pay, it must show a "clear mutual understanding" with Dinella that her fixed salary is compensation for however many hours the employee may work in a particular week, rather than for a fixed number of hours per week. 29 C.F.R. § 778.114( c). Such a clear mutual understanding, however, does not extend to the manner in which overtime premiums are calculated. Valerio v. Putnam Associates, Inc., 173 F.3d 35, 40 (1st Cir. 1999).

Friedmutter submits evidence that Dinella received a copy of Friedmutter's group employee handbook which explains the fluctuating workweek calculation for overtime. Friedmutter also points to Dinella's deposition testimony of her understanding of the hours at the time Friedmutter made her an offer: "They said it was 8:00 to 5:00, and then as I mentioned, the rotation of working the overtime. They weren't sure how many times a week." Friedmutter also points to the fact that on some occasions, Dinella received pay in excess of her salary, but never questioned why she was not being paid time-and-a-half for overtime hours. Dinella asserts that she was told at the time of hire that she was an "exempt" employee. The handbook explains the hours of work compensation for both exempt and non-exempt employees, and therefore a reading of the handbook alone would not have provided Dinella with a clear understanding of her status, even though she may have understood how the fluctuating workweek operated for non-exempt employees. Dinella also states that she regarded the surpluses as a bonus, and not as overtime wages. Finally, it is undisputed that Friedmutter docked portions of Dinella's weekly salary. Friedmutter claims that this was an infrequent mistake, and has since compensated Dinella for straight-time wages she should have

1  otherwise received.  Still, Dinella's showing barely undermines Friedmutter's clear-mutual-
2  understanding position enough to preserve her claim for trial.

3      On this record, Dinella has not shown that Friedmutter's conduct meets the extreme and
4  outrageous requirement of an intentional infliction of emotional distress claim.  Dinella also has
5  not responded to Friedmutter's motion for summary judgment on her claim of negligent training,
6  hiring and supervision, and therefore has abandoned that claim.  Dinella has, however, raised
7  sufficient evidence of physical impact or emotional distress for the negligent infliction of emotional
8  distress claim to survive.  Accordingly,

9      THE COURT HEREBY ORDERS that defendant Friedmutter's motion for summary
10 judgment (##22) is GRANTED as to plaintiff Dinella's causes of action for violations of the
11 Family and Medical Leave Act, negligent hiring, training, and supervision, and intentional
12 infliction of emotional distress, and DENIED as to Dinella's causes of action under the Fair Labor
13 Standards Act and Nevada's overtime law; and for negligent infliction of emotional distress.

14     THE COURT FURTHER ORDERS that Dinella's request to submit supplemental
15 opposition (#26) is GRANTED.

17     DATED this  27  day of March, 2007.

                                                    _____
                                                    Lloyd D. George
                                                    United States District Judge